PATENT HANGING BOOK COVER CO., Inc., v. MARCUS.

(Supreme Court, Appellate Term, First Department. February 10, 1916.)

CONTRACTS ⬤⟹204—CONSTRUCTION—ADVERTISING.

The contract for insertion of an advertisement in a telephone book cover, to be published by plaintiff and furnished free to all tenants of an office building does not require the actual placing of a cover in each office, notwithstanding tenants may refuse to accept them.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 916; Dec. Dig. ⬤⟹204.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Patent Hanging Book Cover Company, Incorporated, against William Marcus. From a judgment for defendant after a trial without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Douglass & Minton, of New York City (E. Dudley Barlow, of New York City, of counsel), for appellant.

Edward Cahn, of New York City, for respondent.

BIJUR, J. Defendant made a written agreement with the plaintiff for the insertion of defendant's advertisement in a patent telephone book cover to be published by the plaintiff "for the issue of Woolworth Building; minimum number, all firms in building." The agreement also recited:

"The covers are merely supplied entirely free of charge to the tenants and delivered directly to each individual address."

One of plaintiff's witnesses testified, without contradiction:

"I saw that every tenant in the Woolworth Building got a book. * * * I took them in the offices; got a receipt signed for them."

Later, in answer to the questions of the court, he said:

"Q. You said that you delivered these covers to all the tenants? A. Yes, sir; to all except the ones who said they did not want them."

While, of course, this testimony, and some more to the same effect, might have been more complete and precise, there was, I think, sufficient to establish a prima facie case in plaintiff's favor.

In view of the fact that the learned trial judge rendered judgment for defendant rather than a dismissal of the complaint without prejudice, I infer that he interpreted the agreement to require the plaintiff to actually place a cover in each office. I cannot concur in that interpretation, as defendant must have known that plaintiff had no power to compel tenants to receive an article that was tendered to them, gratuitously or otherwise. Indeed, defendant seems to have been of that impression, because he testified to a conversation with an agent of the plaintiff in which he claims the agent said:

"We have arrangements made with all the tenants, and you don't have to give us any money until they are all in there."

Apart from the fact that this testimony was incompetent, and could have been excluded, and that there was no proof of the authority of the agent (who is not named) to modify the actual written agreement subsequently entered into, and no proof that plaintiff had not "arrangements made with all the tenants," the case was manifestly tried and decided on the basis of the written agreement alone.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.